UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY D. SMITH d/b/a ATLANTA CAPITAL LLC a/d/b/a CAPITAL FUNDING, INC., JOSEPH CARSWELL d/b/a ATLANTA CAPITAL LLC a/d/b/a CAPITAL FUNDING, INC., and MICHAEL W. FULLARD,<br><br>Defendants. | Civil Action No.<br>1:16-CV-4171-TWT |

## FINAL JUDGMENT AS TO DEFENDANTS SMITH, CARSWELL AND FULLARD

The Clerk of the Court having entered a default against Defendants Jeffery D. Smith, d/b/a Atlanta Capital LLC a/d/b/a Capital Funding, Inc. ("Defendant Smith"), Joseph Carswell, d/b/a Atlanta Capital LLC a/d/b/a Capital Funding, Inc. ("Defendant Carswell"), and Michael W. Fullard ("Defendant Fullard") (collectively, "the Defendants"); the Securities and Exchange Commission (the

"Commission") having filed a Motion for Default Judgment Against Defendants with supporting memorandum of law; and for good cause shown:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Smith and Carswell are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person, or

    (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Smith and Carswell are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A) any investment strategy or investment in securities,

    (B) the prospects for success of any product or company,

    (C) the use of investor funds,

    (D) compensation to any person, or

    (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Smith, Carswell and Fullard are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by effecting any transactions in, or inducing or attempting to induce the purchase or sale of, any security without registering with the Commission.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that (1) Defendant Smith is liable for disgorgement of $355,520.00, representing the profit gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $59,995.31, for a total

disgorgement amount of $415,245.31. Defendant Smith is further liable for a civil penalty in the amount of $ 100,000.00 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u(3)(B). Defendant Smith shall satisfy this obligation by paying a total of $515,245.31 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment; (2) Defendant Carswell is liable for disgorgement of $132,570.00, representing the profit gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $22,388.69, for a total disgorgement amount of $154,958.69. Defendant Carswell is further liable for a civil penalty in the amount of $ 100,000.00 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u(3)(B). Defendant Carswell shall satisfy this obligation by paying a total of $ 254,958.69 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment; and (3) Defendant Fullard is liable for disgorgement of $23,000.00, representing the profit gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,884.27, for a total disgorgement amount of $26,884.27. Defendant Fullard is further liable for a civil penalty in the amount of $ 5,000.00 pursuant to Section 21A of the

Exchange Act [15 U.S.C. § 78u(3)(B). Defendant Fullard shall satisfy this obligation by paying a total of $31,884.27 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Payment may be transmitted electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account or by credit or debit card via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of the Court; the respective Defendant's name (Jeffery D. Smith d/b/a Capital Funding, Inc., or Joseph Carswell, d/b/a Atlanta Capital LLC a/d/b/a Capital Funding, Inc., or Michael W. Fullard) as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Each defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _October 11_, 2017

*Thomas W. Thrash*
HONORABLE THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE